Theresa M. Marchlewski (SBN 82429)
Dionna F. Shear (SBN 308290)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
marchlet@jacksonlewis.com
dionna.shear@jacksonlewis.com

Attorneys for Defendants
ADVANCED GROW LABS TECHNOLOGIES, LLC, and ADVANCED GROW LABS LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SCHEUFLER,<br><br>    Plaintiff,<br><br>    v(s).<br><br>ADVANCED GROW LABS TECHNOLOGIES LLC, ADVANCED GROW LABS LLC, GREEN THUMB INDUSTRIES INC., CHRISTOPHER MAYLE, AND DAVID LIPTON,<br><br>    Defendant(s). | Case No.: '20CV0022 L    MDD<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b)**<br><br>(Filed concurrently with Declaration of Theresa Marchlewski; Declaration of David Lipton and Christopher Mayle; and Civil Case Cover Sheet)<br><br>Complaint Filed:  November 27, 2019 |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF STANLEY SCHEUFLER AND TO HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Advanced Grow Labs Technologies, LLC, and Advanced Grow Labs LLC ("Defendants"), hereby remove to this Court the

State Court Complaint described below and invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and (b) as follows:

1. On November 27, 2019, a Complaint was filed in the Superior Court of the State of California, County of San Diego, entitled *Stanley Scheufler v. Advanced Grow Labs, LLC, etc., et al.,* Case No. 37-2019-00063385-CU-BC-CTL ("Complaint"). (Declaration of Theresa Marchlewski "Marchlewski Decl." ¶2, Ex. A).

2. On November 27, 2019, a Notice of Case Assignment and Case Management Conference was filed in the San Diego County Superior Court. (Marchlewski Decl. ¶3, Ex. B).

3. On December 4, 2019, Defendants were served with the Complaint, summons and related case documents. (Marchlewski Decl. ¶4, Ex. C). The Complaint purports to assert claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Quantum Meruit, Unpaid Wages; Failure to Furnish Wage Statements; Fraud and Conspiracy (Marchlewski Decl. ¶4, Ex. A).

4. On December 13, David Lipton and Christopher Mayle accepted service of the Complaint. (Marchlewski Decl. ¶5, Ex. D).

5. True and complete copies of the complaint, summons, proofs of service and related case documents are attached as Exhibits A-D.

6. Defendants are informed and believe that the aforementioned exhibits constitute all of the process, pleadings, and orders on file in the State Court action.

7. This Notice of Removal has been filed within thirty (30) days after Defendants AGLT and AGL were served with a copy of the Complaint upon which this action is based. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 353 (service of process is the official trigger for responsive action by a named defendant). This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. § 1446(b)(1).

8. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings promptly will be served on

Plaintiff's counsel and filed with the Clerk of the San Diego County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

9. Venue of this action lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of this court in which Plaintiff alleges the action arose and where Plaintiff resides. (Marchlewski Decl. ¶2, Ex. A, ¶¶1, 6.)

10. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Group* (2004) 541 U.S. 567, 571.

11. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090. Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857. Plaintiff was, at the time of filing the Complaint, and Defendants are informed and believe still is a resident and citizen of the State of California consistent with Plaintiff's allegations in the Complaint. Marchlewski Decl. ¶2, Ex. A, ¶6. Plaintiff alleges that the unlawful employment practices complained of occurred in the State of California. (Marchlewski Decl. ¶2, Ex. A, ¶1.)

12. To establish citizenship for diversity purposes, the Ninth Circuit treats LLCs like partnerships, holding that an LLC is a citizen of every state in which owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir 2006). Defendant Advanced Grow Labs LLC ("AGL") is a limited liability company organized under the laws of Connecticut, with its principal place of business at 400 Frontage Road, West Haven, Connecticut 06516. Declaration of David Lipton ("Lipton Declaration", ¶4). As alleged in Plaintiff's Complaint, AGL is a wholly-owned subsidiary of Defendant Green Thumb Industries, Inc. (Marchlewski Declaration, Exhibit "A," ¶12, Lipton Declaration, ¶4).

13. Advanced Grow Labs Technologies, LLC, ("AGLT") is a limited liability company organized under the laws of the state of Connecticut. AGLT's principal place of business is located at 400 Frontage Road, West Haven, Connecticut 06516. (Lipton Declaration, ¶5). AGLT is 100% owned by AGL, which is its sole member. (Lipton Declaration, ¶5).

14. David Lipton is, and at all relevant times, has been a citizen of the state of Connecticut. (Lipton Declaration, ¶2).

15. Christopher Mayle is, and at all times mentioned in the Complaint, was, a citizen of the state of Connecticut. (Declaration of Christopher Mayle, ("Mayle Declaration") ¶2).

16. A corporation is citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business. 28 U.S.C. §1332(c). With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *The Hertz Corporation v. Friend* (2010) 130 S.Ct. 1181. Under the nerve center test, a corporation's principal place of business is where a corporation's high level officers, direct, control and coordinate the corporation's activities. As alleged in Plaintiff's Complaint, Defendant Green Thumb Industries, Inc., is a Canadian corporation that is headquartered in Chicago, Illinois. Green Thumb's stock is traded on the Canadian Securities Exchange. (Marchlewski Declaration, Exhibit "A," ¶11).

17. This action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors, above, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Without admitting that Plaintiff could recover any damages, Defendants assert that the amount in controversy in this action could exceed $75,000 exclusive of interest and costs.

18. In determining whether the amount in controversy exceeds $75,000.00, the court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth*

*Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001 *citing Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843.

19. Without conceding that Plaintiff is entitled to damages, or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000.00. 28 U.S.C. § 1332(a). The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, for the following reasons:

 a. Plaintiff alleges that Defendants breached their promise to pay him a salary of $165,000. (Complaint, ¶¶2, 3, 21, 34-46, 48).

 b. Plaintiff also alleges that he is entitled to a 10.7% ownership in AGLT which he asserts was worth millions of dollars. (Complaint, Exhibit "A," ¶¶ 39, 40 and 91).

 c. Plaintiff also alleges that from February 2017 to September 30, 2018, he rendered work, labor and services for which he was not paid, and claims the reasonable value of such services were $233,750 plus the additional value of his alleged equity interest in AGLT. (Complaint, Exhibit "A," ¶¶60-62).

 d. In his prayer for relief, Plaintiff seeks compensatory damages in an amount "not less than $1.07 million plus interest at the rate of 10%, as well as attorneys' fees and costs. (Complaint, Ex. A, Prayer for Damages paragraphs 1 and 4).

 e. The Complaint further seeks to recover exemplary and punitive damages, according to proof. (Complaint at Prayer for Damages at ¶3, Ex. A).

20. The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt G/S v. JSS*

*Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56 and *Goldberg v. CPC Int'l, Inc.* (9th Cir. 1982) 678 F.2d 1365, 1367, *cert. denied*, (1982). The Court may examine the nature of the action and the reliefs sought and take judicial notice of attorney's fee awards in similar cases. *See e.g., Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages).

21. Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d 785, 787. *See also, Aucina v. Amoco Oil Co.* (S.D. Iowa 1994) 871 F.Supp. 332, 334. *See also, White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 674-76 (it was facially apparent plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages" including loss of pay, fringe benefits, impaired earning capacity and emotional distress combined with a claim for attorney fees.).

22. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315; *Watson v. Blankenship* (10th Cir. 1994) 20 F.3d 383, 386-87.

23. Therefore, the alleged claims, damages and fees requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. § 1332(a).

24. Defendants David Lipton, Christopher Mayle and Green Thumb Industries Inc. consent to this removal. (Lipton Declaration, ¶2, Mayle Declaration, ¶2, Notice of Joinder and Consent in Removal filed concurrently herewith by Green Thumb).

/ / /

/ / /

/ / /

WHEREFORE, Defendants remove the above action now pending in the Superior Court of the State of California for the County of San Diego to this Court.

DATED: January 3, 2020         JACKSON LEWIS P.C.


By: /s/Theresa M. Marchlewski
    Theresa M. Marchlewski
    Dionna F. Shear

    Attorneys for Defendants
    ADVANCED GROW LABS TECHNOLOGIES,
    LLC, and ADVANCED GROW LABS LLC

4821-1888-0688, v. 2

NOTICE OF REMOVAL
CASE NO.